UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 7:20-CR-18-REW |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| SEAN HOLYS THARP, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 28 (Minute Entry), Judge Atkins recommended that the undersigned accept Defendant Tharp's guilty plea and adjudge him guilty of Count 1 of the Indictment (DE 1). *See* DE 31 (Recommendation); *see also* DE 30 (Plea Agreement). Judge Atkins expressly informed Defendant of his right to object to the recommendation and to secure de novo review from the undersigned. *See* DE 31 at 3. The established, 3-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981) (holding that a failure to file objections to a magistrate judge's recommendation waives the right to appellate review); Fed. R. Crim. P. 59(b)(2)–(3) (limiting *de novo* review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made").

The Court thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 31, **ACCEPTS** Tharp's guilty plea, and **ADJUDGES** him guilty of Count 1 of the Indictment (DE 1);

2. Further, per Judge Atkins's unopposed recommendation and Defendant's agreement (DE 30 ¶ 9), the Court provisionally **FINDS** that the property identified in the operative indictment (DE 1 at 4) is forfeitable and that Tharp has an interest in said property, and preliminarily **ADJUDGES** Defendant's interest in such property **FORFEITED**. The Court need not await a motion by the Government, in this context. Under Criminal Rule 32.2, and absent pre-judgment objection, "the preliminary forfeiture order becomes final as to" Defendant at sentencing. Fed. R. Crim. P. 32.2(b)(4)(A). The Court will further address forfeiture at that time. *See id.* at (b)(4)(B);

3. The Court **GENERALLY CONTINUES** the jury trial in this matter; and

4. The Court will issue a separate sentencing order.[1]

This the 4th day of December, 2020.

Signed By:
*Robert E. Wier* REW
**United States District Judge**

---

[1] At the hearing, Judge Atkins remanded Tharp to custody. *See* DE 28. The Court, thus, sees no need to further address detention, at this time.